[651 NYS2d 113]

In the Matter of MARTIN LEE SANDBERG, an Attorney, Resignor.

Second Department, December 9, 1996

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset, for Grievance Committee for the Tenth Judicial District.

*Martin Lee Sandberg,* resignor *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Martin Lee Sandberg has submitted an affidavit, dated October 10, 1996, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Sandberg was admitted to the practice of law by the Appellate Division

of the Supreme Court in the Second Judicial Department, on March 17, 1965.

Mr. Sandberg avers that he is fully aware that he is currently the subject of a pending investigation by the Grievance Committee for the Tenth Judicial District and that based on the results of that investigation, the Grievance Committee would seek authorization from the Appellate Division, Second Department, to prosecute a disciplinary proceeding against him. The respondent acknowledges that the charges in the disciplinary proceeding would include at least the following allegations:

(a) From September 1973 to April 1996 the respondent was a partner in the law firm of Granik, Silverman, Sandberg, Campbell, Hekker & Berger (hereinafter Granik, Silverman) and its predecessor entities.

(b) During the period from at least 1993 to April 1996 the respondent failed to account to the Granik, Silverman firm for certain legal fees paid by clients for legal services rendered which were deposited in the respondent's personal bank accounts.

(c) During the period from at least 1993 to 1996 the respondent deposited some legal fees tendered to the Granik, Silverman firm in personal bank accounts but failed to keep any records as to amounts, identities of clients or sources of those legal fees.

(d) In 1993 the respondent made 240 deposits totaling $219,612.14 in personal bank accounts at Union State Bank and Bank of New York but maintained no records as to the amounts, identity or sources of legal fees paid by clients of the Granik, Silverman firm.

(e) In 1994 the respondent made 171 deposits totaling $193,216.46 in personal bank accounts at Union State Bank and Bank of New York but maintained no records as to the amounts, identity or sources of legal fees paid by clients of the Granik, Silverman firm.

(f) In 1995 the respondent made 188 deposits totaling $183,722 in personal bank accounts at Union State Bank and Bank of New York but maintained no records as to the amounts, identity or sources of legal fees paid by clients of the Granik, Silverman firm.

(g) In and about the period from July 27, 1993 to January 19, 1996, the respondent made 21 deposits totaling $35,237, paid by clients for whom legal services had been rendered, in

personal bank accounts at Union State Bank and Manufacturers Hanover Bank, and did not account to the Granik, Silverman firm for those funds which instead were utilized by the respondent for personal use.

(h) Between March 1993 through April 1996 the respondent failed to account for legal fees totaling $50,700 to the Granik, Silverman firm for legal services to five banking institutions and instead used those fees for personal use.

The respondent acknowledges that he could not successfully defend himself on the merits against any disciplinary charges which would be initiated against him, that his resignation is freely and voluntarily tendered, and that he is not being subjected to coercion or duress. The respondent is aware of the implications of submitting his resignation, including the fact that he is barred by Judiciary Law § 90 from seeking reinstatement for a minimum period of seven years.

The proffered resignation indicates the respondent's awareness that pursuant to Judiciary Law § 90 (6-a), an order permitting him to resign could direct him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. Finally, the respondent acknowledges his awareness that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity to be heard in opposition thereto.

The Chief Counsel to the Grievance Committee recommends that the Court accept the proffered resignation. Under the circumstances, the resignation of Martin Lee Sandberg is accepted and directed to be filed. Accordingly, Martin Lee Sandberg is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and THOMPSON, JJ., concur.

Ordered that the resignation of Martin Lee Sandberg is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Martin Lee Sandberg is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Martin Lee Sandberg shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Martin Lee Sandberg is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), (b) and (e), Martin Lee Sandberg is directed to make restitution in the amount of $85,937 to Granik, Silverman, Sandberg, Campbell, Hekker & Berger, less the amount of any awards to that firm by the Lawyers' Fund for Client Protection arising out of the respondent's misappropriation or misapplication, without prejudice to any further restitution which may be found due.